## In re GEISELHART.

(District Court, W. D. Pennsylvania. September 14, 1910.)

No. 4,005.

BANKRUPTCY (§ 252\*)—ACTIONS BY TRUSTEE—POWER TO SETTLE SUIT.

An insolvent within four months prior to his bankruptcy gave to a creditor a judgment note on which a judgment was entered. Afterward the debtor sold certain real estate, and conveyed it by a warranty deed subject only to certain mortgages. The purchase money was paid except a sum retained and placed in the hands of a trustee under an agreement that it should be used to pay off certain liens, and the remainder paid over to the vendor when he satisfied or procured the discharge of the lien of said judgment. On petition of the trustee in bankruptcy, the court struck off the judgment on the ground that it constituted a preference in violation of the bankruptcy act, but its judgment was reversed by the Supreme Court of the state on the ground of irregularity in procedure, but leaving the merits of the case open to further litigation in a proper proceeding. Subsequently the trustee, with the approval of the referee, agreed to a settlement with the owner of the judgment, by which the latter was to pay the trustee a certain sum in consideration of which no further attack was to be made on the judgment. The effect of such settlement would be to leave the property sold subject to the lien of the judgment, which, with interest, exceeded the sum reserved by the purchaser by more than $1,200. *Held*, that the right of the trustee to make such settlement was no greater than that of the bankrupt; that since the latter, in view of his warranty deed, would not be permitted to make it and receive money from the judgment creditor at the expense of his grantee, it would be inequitable to such grantee to permit the trustee to do so by ratifying what was presumptively from the judgment of the state court an illegal preference, and that an offer by the grantee to pay the costs already incurred and to furnish counsel to continue the litigation should be accepted.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 252.\*]

In the matter of Theodore H. Geiselhart, bankrupt. On review of order of referee. Reversed.

Way, Walker & Morris, for creditors.

Gordon & Smith, for trustee.

ORR, District Judge. This matter comes before the court upon a petition to review an order of the referee authorizing and directing the trustee to make settlement of a controversy. The matter was heard by the referee upon the petition of the trustee and answers filed. No testimony was taken. The facts as disclosed by the petition and the answers are as follows:

On January 20, 1908, a d. s. b. judgment was entered in the court of common pleas No. 1 of Allegheny county in favor of Joseph Exler and against the bankrupt for $3,219. On February 14th the said bankrupt, by deed in fee simple with covenants of warranty and against encumbrances, sold and conveyed to Anderson L. Warren and others certain real estate for a consideration of $17,000, subject to mortgages in the sum of $7,000 by former owners. At the time of the delivery of the deed the vendee retained in his possession out of the purchase money the sum of $3,475, which was placed in the hands of Way,

---

Walker & Morris, attorneys for the vendee, to hold until the bankrupt should have procured the discharge or satisfaction of all liens except the $7,000 in mortgages. The material language of their agreement being as follows:

"Which checks or the proceeds thereof we agree to hold in trust for said Theodore Geiselhart until such time as he shall have satisfied a judgment in favor of Joseph Exler against the American Box Company and said Theodore Geiselhart amounting to $3,219.30, said judgment being entered at No. 205, March term, 1908, d. s. b. When said judgment has been satisfied, we agree to turn over to said Geiselhart said checks or the proceeds thereof, less interest on mortgages referred to in said deed from September 25, 1907, to February 15, 1908, and also less whatever taxes against said property remain due and unpaid."

On March 5, 1908, Geiselhart, the vendor, was adjudged a bankrupt. Subsequently the trustee instituted proceedings in the court in which the judgment was recorded to have the judgment declared invalid as being an unlawful preference. The proceedings in the common pleas court were so proceeded with that the court struck off the judgment because the court found from testimony taken that at the time of the giving of the judgment Geiselhart was insolvent; that Exler, the judgment creditor, knew that he was insolvent; and that the judgment note was given and entered within four months of the date of the petition in bankruptcy. An appeal having been taken to the Supreme Court of Pennsylvania from that decision, the judgment of the lower court was reversed solely on the ground that the court below erred in striking off the judgment for matters dehors the record, and holding that the questions considered by the judge should be passed on by a jury. By such proceedings costs were incurred to the extent of $337.65, to pay which the trustee has no funds in hand. The trustee has entered into negotiations with the judgment creditor resulting in an offer that the creditor pay the costs and pay in addition $1,100 to the trustee, with a view of eliminating the trustee from the controversy and affirming the validity of the judgment lien upon the property of Warren. If the controversy is not settled as proposed by the trustee, it will be probably three years before there can be a final adjudication of the question along the lines suggested by the Supreme Court of Pennsylvania. There is in the hands of Way, Walker & Morris, now remaining out of the money originally left in their hands, the sum of $2,700 or thereabouts. If the controversy be successfully carried on by the trustee, he will be subrogated to the rights of the bankrupt, and there will be a fund in the hands of Way, Walker & Morris for creditors. If the controversy be settled as proposed, Warren, in order to save the property purchased by him, will have to pay more than $1,200 in addition to the money in the hands of Way, Walker & Morris. It is probable that the evidence will produce the same effect upon the minds of jurors that it did upon the mind of the judge of the court of common pleas. The purchaser Warren has offered to pay into the hands of the trustee the sum of $500 sufficient to defray the actual expenses of continuing the litigation, and has tendered the services of competent counsel to take charge of the interests of the trustee in said litigation. Certain creditors urge the con-

tinuance of the litigation and the acceptance of the offer made by the said Warren with respect to costs and counsel.

The referee was of the opinion that Mr. Warren had no standing to be heard in the proceedings, and he was further of the opinion that because of the lapse of time before the ultimate decision of the litigation, and because the issue of the litigation was doubtful, that, therefore, the settlement by the trustee with Mr. Exler on the terms proposed was proper. No briefs were furnished by counsel for either party. It was strongly urged on behalf of Warren that it was inequitable to permit such settlement.

The position of Warren is peculiar. At the time of his purchase Geiselhart, the bankrupt, by virtue of the covenants in his deed and the trust recited by Way, Walker & Morris, was bound to procure the release or satisfaction of the Exler judgment. It is true that, if Geiselhart did not procure the release or satisfaction of the judgment within a reasonable time, Warren would have been justified in applying the money in his hands to the liquidation of the judgment. Likewise the trustee, if he should procure the satisfaction or discharge of the judgment, would be subrogated to the right of the bankrupt to receive the money in the hands of Way, Walker & Morris. With that theory in mind, the bankrupt on the 14th of June, 1908, presented his petition in the court of common pleas to have the judgment stricken off, and it was not until January 3, 1910, that the Supreme Court of Pennsylvania decided that the proceedings were irregular. Now, the trustee proposes to do what the bankrupt would never have been permitted to do by a court of equity—take money from the judgment creditor, and leave the terre tenant in the lurch. It seems to us inequitable. One way, and one way only, is pointed out by which the bankrupt could have the benefit of the money in the hands of Way, Walker & Morris, and that was by procuring the release of the lien or a satisfaction of the judgment. The bankrupt could not have made any agreement with the judgment creditor by which he would profit at the expense of the vendee in violation of the contract. It seems inequitable that the rights of the trustee should be higher than the rights of the bankrupt in such a case as this. If the judgment creditor should make any pecuniary concessions, they should be for the benefit of the terre tenant, and in reduction of the amount of the lien which the bankrupt vendor agreed to remove. The proposed settlement does not contemplate any benefit to the terre tenant. Had the trustee declined originally to have the judgment set aside as a preference, Warren might have presented an equitable claim in bankruptcy against the estate of the bankrupt, because of the breach of the covenants in the bankrupt's deed to him. It is now too late for such claim to be presented. Warren seems to have relied upon the sufficiency of the evidence to set aside the judgment as an unlawful preference, and to have properly recognized himself as liable to pay to the trustee the money in his hands, when such judgment should have been set aside. He has such confidence still that he is willing to pay the sum of $500 into the hands of the trustee and to furnish counsel to proceed with the litigation.

I am also of the opinion that it is against the interests of the creditors to permit such settlement. It is for their interest that Warren's

offer be accepted. It is not necessary to consider whether or not, if the trustee did accept the settlement as proposed, the terre tenant could resist the collection of the full amount of the judgment.

The question before the court is answered in the negative, and the order of the referee must be reversed.